UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON ALEXANDER MAHE,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>NAPHCARE, INC., et al.,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-736 JCM (PAL)<br><br>ORDER |

　　　　Presently before the court is defendant NaphCare, Inc.'s ("NaphCare") motion to dismiss. (ECF No. 9). Plaintiff Jason Mahe filed a response (ECF No. 41)[1], to which NaphCare replied (ECF No. 42).

**I.　　Facts**

　　　　On March 4, 2014, plaintiff was shot by Las Vegas Metropolitan Police Department ("LVMPD") officers and treated at University Medical Center ("UMC"), during which he received numerous surgeries. (ECF No. 1). Plaintiff alleges that defendants, officer Darrin Kaplan, officer Christian Belt, and officer Chrisnar Sok, either participated or were involved in the shooting. (ECF No. 1).

　　　　Thereafter, plaintiff was discharged and released into the custody of the Clark County Detention Center ("CCDC") pursuant to pending criminal charges. (ECF No. 1). Plaintiff later

---

[1] Plaintiff's response does not comply with Local Rule IA 10-1(a)(1), which provides that "[l]ines of text must be number consecutively beginning with 1 on the left margin of each page with no more than 28 lines per page." Pursuant to Local Rule IA 10-1(d), "[t]he court may strike any document that does not conform to an applicable provision of these rules." Plaintiff shall ensure that future filings comply with the local and federal rules.

**James C. Mahan**
**U.S. District Judge**

entered into a plea agreement to resolve the criminal charges against him on September 18, 2015. (ECF No. 9 at 6).

Defendant NaphCare is the contracted medical, dental, and mental health provider for the CCDC. (ECF No. 1). According to plaintiff, his treating physicians and UMC doctors recommended certain medical treatment for his gunshot wounds. (ECF No. 1). Plaintiff alleges that NaphCare refused to provided him medical treatment on several occasions while he was in the custody of the CCDC. (ECF No. 1).

Plaintiff originally filed the complaint in state court on March 4, 2016. (ECF No. 1). Defendants removed the action to this court on April 4, 2016. (ECF No. 1). In his complaint, plaintiff alleges five causes of action against officers Kaplan, Belt, and Sok, three of which are also against defendant NaphCare: (1) violation of 42 U.S.C. § 1983; (2) intentional infliction of emotional distress; (3) battery; (4) assault; and (5) negligence. (ECF No. 1).

In the instant motion, defendant NaphCare argues that plaintiff's claims for Eighth Amendment violations under § 1983, IIED, and negligence should be dismissed as they relate to NaphCare pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). The court will address each in turn.

**II.  Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

**James C. Mahan**
**U.S. District Judge**

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. 42 U.S.C. § 1983 – deliberate indifference to a serious medical need in violation of the Eighth Amendment

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

James C. Mahan
U.S. District Judge

- 3 -

committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff alleges that NaphCare deprived him of his rights under the Eighth Amendment by refusing to provide him with necessary medical treatment as recommended by his healthcare providers and despite his numerous written requests. (ECF No. 1 at 11). Plaintiff alleges that NaphCare assumed responsibility for his medical treatment while he was in the CCDC's custody and was acting under color of state law pursuant to its contract with the CCDC. (ECF No. 1 at 11).

In the instant motion, NaphCare asserts that plaintiff's § 1983 claim based on violations of the Eighth Amendment fails because the Eighth Amendment does not apply to pretrial detainees. (ECF No. 9 at 6). NaphCare argues that at the time of the alleged violations, the criminal charges against plaintiff were still pending, rendering him a pretrial detainee housed at the CCDC, not a convicted prisoner. (ECF No. 9 at 6).

In response, plaintiff concedes that he was a pretrial detainee at the time of the alleged violations, but argues that his case is distinguishable. (ECF No. 41 at 5–7). More specifically, plaintiff contends his case is distinguishable because "the Eighth Amendment has already been applied to [him]" through the detention facility's policies and procedures, which "were in conformance with the [Eighth] Amendment standard of care." (ECF No. 41 at 5). Plaintiff further argues that NaphCare is estopped from seeking equity because its conduct toward him was controlled by Eighth Amendment policy considerations. (ECF No. 41 at 6).

Plaintiff's contention misses the point. "Eighth Amendment scrutiny is appropriate only after the State has secured a formal adjudication of guilt." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 239 (1983). "[T]he State does not acquire the power to punish which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977).

Based on the allegations set forth in the complaint, plaintiff was not incarcerated following a formal adjudication of guilt at the time of the alleged violations. (ECF No. 1). As a pretrial detainee, plaintiff's rights arise under the due process clause of the Fourteenth Amendment, not

James C. Mahan
U.S. District Judge

- 4 -

under the Eighth Amendment. *See Ingraham,* 430 U.S. at 671 n.40 ("Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."). Therefore, plaintiff's complaint has failed to state a § 1983 claim for violations of the Eighth Amendment.

In addition, plaintiff argues that the failure of CCDC's employees to provide him with medical treatment also violated his constitutional rights and such "conduct would then be imputed to Naphcare and/or its employees." (ECF No. 41 at 6–7). This argument fails, *inter alia*, because liability under § 1983 cannot be based on *respondeat superior*. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 663 n.7 (1978). Liability under § 1983 attaches upon personal participation by a defendant in the constitutional violation. *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989).

Accordingly, the court will grant NaphCare's motion to dismiss as to plaintiff's § 1983 claims for Eighth Amendment violations.

**B. IIED**

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must plead and prove three elements: (1) defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) plaintiff suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Posadas* v. *City of Reno*, 851 P.2d 438, 444 (Nev. 1993); *see also Star v. Rabello*, 625 P.2d 90, 91–92 (Nev. 1981).

Under Nevada law, "extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community"; however, this description does not encompass acts which are merely "inconsiderate" or "unkind." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

NaphCare argues the IIED claim should be dismissed because plaintiff's complaint "contains no specific factual assertions of any actions taken by NaphCare beyond the vague and ambiguous statements." (ECF No. 9 at 10). More specifically, NaphCare asserts that plaintiff's complaint fails to set forth facts regarding what treatments were denied or delayed, the length of the delay, the relationship between the denial and his emotional distress, how his emotional distress

manifested, and how unreasonable sanitary conditions were extreme or outrageous.  (ECF No. 9 at 11).

In his complaint, plaintiff alleges that NaphCare and its employees engaged in extreme and outrageous conduct by unreasonably delaying and/or denying him medical treatment related to his gunshot wounds and by exposing him to unsanitary conditions despite his medical condition and history of infection.  (ECF No. 1 at 10–12).  Plaintiff asserts that by doing so, NaphCare intended to cause him, or had a reckless disregard for his, emotion distress.  (ECF No. 1 at 12).  Plaintiff alleges that he suffered extreme emotion distress, including depression, as a result of NaphCare's conduct.  In particular, plaintiff maintains that because NaphCare refused him medical treatment, the physical and mental pain from his gunshot wounds became so unbearable that he requested to have his leg amputated.  (ECF No. 1 at 10).

Accepting the allegations set forth in the complaint as true, plaintiff has sufficiently stated a claim for IIED to withstand a motion to dismiss.  Accordingly, NaphCare's motion to dismiss will be denied as to this claim.

*C. Negligence*

To prevail on a claim for negligence, a plaintiff must generally show four elements: (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) the breach was the legal cause of plaintiff's injury; and (4) plaintiff suffered damages.  *Scialabba v. Brandise Constr. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).

"Whether a defendant owes a plaintiff a duty of care is a question of law."  *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1381 (Nev. 1997).  "A duty in tort owing from a defendant to a plaintiff can be created by law, by a defendant's assumption of that duty, or by a preexisting relationship between the plaintiff and the defendant."  *Jacobsen v. Marin Gen. Hosp.*, 192 F.3d 881, 885 (9th Cir. 1999).

Plaintiff alleges that NaphCare owed a duty to provide him with appropriate care, including medical treatment, while he was in the custody of the CCDC.  (ECF No. 1 at 16).  Plaintiff asserts that NaphCare breached this duty by refusing to provide him with the medical treatment

**James C. Mahan**
**U.S. District Judge**

recommended by his treating physicians. (ECF No. 1 at 16). Plaintiff claims that as a result, he has suffered damages. (ECF No. 1 at 16).

In its motion, NaphCare argues that the negligence claim must be dismissed for plaintiff's failure to attach an affidavit of a medical expert pursuant to NRS 41A.071. (ECF No. 9 at 14–15). The court disagrees. Section 41A.071 of the Nevada Revised Statutes governs actions for professional negligence filed in state court, not negligence actions filed in federal court.[2]

Based on the foregoing, plaintiff has sufficiently stated a claim for negligence to withstand a 12(b)(6) motion to dismiss.

**IV. Conclusion**

In summary, plaintiff's § 1983 claim for Eighth Amendment violations against defendant NaphCare will be dismissed for failure to state a claim. Plaintiff's IIED and negligence claims, however, survive.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant NaphCare, Inc.'s motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED November 15, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Specifically, NRS 41A.071 governs dismissal of actions filed without affidavits of medical experts and states in relevant part:
> If an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit that:
> 1. Supports the allegations contained in the action;
> 2. Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence;
> 3. Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and
> 4. Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms.

Nev. Rev. Stat. § 41A.071.

**James C. Mahan**
**U.S. District Judge**